IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT MICHAEL HARRIOTT, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01668-E (BT) |
| | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY BUREAU OF | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Robert Michael Harriott, a native and citizen of Jamaica, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention in immigration custody. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of the District Court. For the following reasons, the Court should DISMISS the petition as moot.

Harriott is an alien under a final order of removal who was detained in the Prairieland Detention Center in Alvarado, Texas, on June 23, 2020, when the Court received his § 2241 petition (ECF No. 3). He claimed that he had been detained for 32 months by U.S. Immigration and Customs Enforcement

1

(ICE) without even a bond hearing, and he asked the Court to release him from detention.

The Government filed a response on November 30, 2020 (ECF No. 8), in which it argued Harriott was not entitled to relief because he had not yet been detained beyond the time limit allowed by *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In *Zadvydas*, the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. According to the Government, the immigration court's removal order did not become final until the Board of Immigration Appeals (BIA) affirmed the immigration judge on May 12, 2020. Resp. 4. When Harriott filed his habeas petition on June 23, 2020, he had not yet been in post-removal order custody for six months. Rather, that period would not expire until November 12, 2020. Resp. 5. On November 30, 2020, the Government filed a Notice (ECF No. 15) stating that Harriott was released from custody on November 24, 2020, under an Order of Supervision, pending his removal.

2

As another magistrate judge in this district has aptly noted, "the Fifth Circuit Court of Appeals has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, [but] other circuits have so found." *Dien Thanh Ngo v. Johnson*, 2019 WL 3468909, at *2 (N.D. Tex. July 17, 2019) (citing *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 174–75 (3rd Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief"); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*)), *rec. adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019) (Boyle, J.). "Districts courts in this circuit have likewise found that release moots a § 2241 petition challenging continued detention pending removal." *Id.* (citing cases); *see also Singh v. Mukasey*, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009) (O'Connor, J.) (finding moot § 2241 petition where only relief sought was release pending removal, and the petitioner had been

3

released on supervision); C*aquias v. Dist. Dir. of Immigration and Customs Enforcement*, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2008) (Fitzwater, J.) (same).

Here, Harriott's release from the custody of the Department of Homeland Security provided him all the relief he seeks in his petition. He has not identified any additional adverse collateral consequences that continue to restrict his liberty; nor has he challenged the conditions of his release. The petition should therefore be dismissed as moot. *See Dien Thanh Ngo*, 2019 WL 3468909, at *2; *Ali v. McAleenan*, 2020 WL 1815793, at *2 (N.D. Tex. Mar. 23, 2020) (holding that where an alien challenging his detention under § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot), *rec. adopted*, 2020 WL 1808628 (N.D. Tex. Apr. 9, 2020) (Boyle, J.); *Lainez-Diaz v. Johnson*, 2019 WL 5394365, at *3 (N.D. Tex. Oct. 3, 2019) (same), *rec. adopted*, 2019 WL 5394053 (N.D. Tex. Oct. 21, 2019).

Signed December 1, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).